**FILED**

NOV 14 2012

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CASSAGNOL MONTROSE, | * | CIV 12-4170-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING LEAVE TO |
| | * | PROCEED IN FORMA |
| ROBERT DOOLEY, SUE JACOBS, | * | PAUPERIS AND |
| and JENNIFER STANWICK, | * | DISMISSING COMPLAINT |
| | * | |
| Defendants. | | |

Plaintiff Cassagnol Montrose ("Montrose") filed a pro se action seeking damages and an

order to compel administrators at the Mike Durfee State Penitentiary in Springfield, South

Dakota, to alter certain prison conditions and for money damages. Doc. 1 at 1, 6. Montrose also

filed a motion for leave to proceed in forma pauperis. Doc. 2.

## I. Facts

Montrose has been incarcerated at the Mike Durfee State Prison in Springfield, South

Dakota since March 23, 2009. Doc. 2 at 1. Although Montrose indicated he expected to be

released on October 1, 2012, Doc. 2 at 1, he filed this action on October 4, 2012. Doc. 1.

Montrose named three people employed at Mike Durfee State Penitentiary as Defendants:

Warden Robert Dooley, Associate Warden Sue Jacobs, and Associate Warden Jennifer Stanwick

(collectively "Defendants"). Doc. 1 at 2. Montrose is suing each of these Defendants in both

his or her official and personal capacities. Doc. 1 at 2. Montrose seeks both injunctive relief and

money damages. Doc. 1 at 2.

Montrose's Complaint is brought under 42 U.S.C. § 1983 and states two claims for relief.

Doc. 1. Count I alleges that Defendants violated Montrose's rights under the Eighth Amendment

to the United States Constitution by not providing him an air-cooling unit at his barracks. Doc.

1 at 4. Count II alleges that Defendants violated Montrose's rights under the Eighth Amendment by having dirty and moldy air at the prison. Doc. 1 at 5. Montrose claims that both the lack of an air-cooling unit and poor air quality have made him ill. Doc. 1 at 4-5. Montrose's Complaint acknowledges that he has not submitted a request for administrative relief within the prison grievance system for either of these issues prior to filing this action. Doc. 1 at 4, 5.

## II. Discussion

### A. Liberal construction of pro se complaint

A court must assume as true all facts well pleaded in the complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). "[A]lthough liberally construed, [a] pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted); see also Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (noting that pro se complaints must be construed liberally). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, and is instead based on "vague [or] conclusory" allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (citing Twombly and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain

recovery under some viable legal theory).

### B. In forma pauperis status

Montrose has not paid the civil filing fee.  When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed in forma pauperis "without prepayment of fees or security therefor" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(1).  In re Prison Litig. Reform Act, 105 F.3d 1131 (6th Cir. 1997).  In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).  Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion.  Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).  "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).  Montrose's motion for leave to proceed in forma pauperis and his prisoner trust account report reveal that he is indigent.  Doc. 5-1.  This Court will grant Montrose's motion to proceed in forma pauperis.

The Prison Litigation Reform Act, however, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires 20 percent of the greater of:  (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Montrose is obligated to pay the filing fee regardless of whether this Court allows or dismisses this action.  In re Prison Litig. Reform Act, 105 F.3d at 1134.  The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely

because the case is eventually dismissed.  In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").  Thus, Montrose will have to pay the entire $350.00 filing fee over the course of time, regardless of whether he obtains any relief from this action.

## C.  Screening of substantive claims

Montrose makes two civil-rights claims in this suit brought under 42 U.S.C. § 1983 that concern allegedly poor conditions of confinement.  This Court will first address whether Montrose's Complaint is subject to dismissal for failure to exhaust.  This Court will then screen Montrose's Complaint as required by 28 U.S.C. § 1915.

### 1.  Failure to exhaust administrative remedies

"No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e.  Any "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[E]xhaustion is now required for all action[s] . . . brought with respect to prison conditions.") (internal quotation marks omitted).  "The prisoner must exhaust his administrative remedies even if the precise relief he seeks in his § 1983 lawsuit is not available through the prison grievance system." Reath v. Weber, No. 12-4059, 2012 WL 4068629, at *4 (D.S.D. Sept. 14, 2012) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Congress enacted this exhaustion requirement to "reduce the quantity and improve the quality of prisoner suits" and give prison officials the opportunity to address inmate complaints before allowing the inmate

to initiate a federal case.  Porter, 534 U.S. at 524-25.

Although the Supreme Court has made clear that unexhausted claims cannot be brought, whether a prisoner's complaint may be dismissed *sua sponte* by a district court under its screening procedures merits discussion.  In Jones, the Court held that although "exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," a prisoner's "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 211-16. Failure to exhaust should be raised by the defendant and its burden rests with the defendants, who at this stage in litigation have not been served.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).  Circuit courts of appeals that have addressed this precise issue have held that a court may dismiss a prisoner's claim *sue sponte* under its screening procedures when the failure to exhaust is obvious.  See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) ("Under Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."); Anderson, 407 F.3d at 683 ("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (noting that "Jones suggests that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies," but also stating "courts also are obligated to ensure that any defects in exhaustion

5

were not procured from the action or inaction of prison officials."). The District of South Dakota has dismissed cases when the complaint makes clear that the prisoner failed to exhaust his remedies. See Harp v. Mike Durfee State Prison, No. 11-4149, 2012 WL 174872, at *3 (D.S.D. Jan. 20, 2012) (dismissing one claim in a complaint at the screening stage when the petitioner "concedes he failed to exhaust administrative remedies" out of fear of retaliation); Reath, 2012 WL 4068629, at *4 (dismissing a case at the screening stage for failure to exhaust).

Here, failure to exhaust is "apparent from the face of the complaint." Anderson, 407 F.3d at 683. Montrose admits that there are administrative remedies at the prison, but states he failed to take advantage of them. Doc. 1 at 4, 5. The South Dakota Department of Corrections allows inmates to bring grievances relating to prison conditions. See Roubideaux v. Dooley, No. 10-4126, 2011 WL 8971420, at *8-9 (D.S.D. Dec. 2, 2011) report and recommendation adopted as modified, No. 10-4126, 2012 WL 3928006 (D.S.D. Sept. 10, 2012) (outlining South Dakota Department of Corrections grievance procedures). Therefore, Montrose has not exhausted his administrative remedies.

This Court is aware that "facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner has completed his internal grievance process or whether he was thwarted in his attempts to do so." Aquilar-Avellaveda, 478 F.3d at 1225. This, however, appears to be one of those "rare cases" where a district court can "conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." Id. The defendant may take advantage of his administrative remedies and later re-file a case like this one if he so chooses. This Court believes that this procedure comports with the United States Courts of Appeals for the Fourth and Tenth

6

Circuit's holdings that "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." Id.; Anderson, 407 F.3d at 683.   Therefore, Montrose's Complaint is subject to dismissal without prejudice at this stage for failure to exhaust administrative remedies.

### 2. Screening under § 1915

Next, this Court considers whether, even if his administrative remedies had been exhausted, Montrose's Complaint is subject to dismissal under the screening process.  Congress has directed this Court under 28 U.S.C. § 1915 to review and screen claims in a complaint being filed in forma pauperis to determine if they are "(i) frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Jefferies v. Marshall, No. CIV 12-3023, 2012 WL 3730605, at *2 (D.S.D. Aug. 28, 2012) ("This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted."); In re Prison Litig. Reform Act, 105 F.3d at 1131 ("[B]efore service of process is made on the opposing parties, the district court must screen the case under the criteria of 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A."). A pro se complaint is construed liberally, but it must contain specific facts supporting its conclusions.  Allen, 5 F.3d at 1153.  "A complaint is frivolous where it lacks an arguable basis either in law or in fact."  Stanko v. Patton, 228 F. App'x 623, 624 (8th Cir. 2007) (quoting Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997)).  A complaint fails to state a claim upon which relief can be granted if the plaintiff does not allege "the grounds of his entitle[ment] to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (internal quotation marks omitted).  A plaintiff fails to allege the grounds of his

relief when he provides only "labels and conclusions." Id.

The Eight Amendment prohibits punishments that "'involve the unnecessary and wanton infliction of pain' or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). An example of an "unnecessary and wanton" punishments are those "'totally without penalogical justification.'" Id. (quoting Gregg, 428 U.S. at 173).  Conditions of confinement can be substantial enough to amount to an Eighth Amendment violation. See id. (noting that the Court found conditions of confinement to be cruel and unusual punishment).  A conditions of confinement claim requires satisfaction of both an objective component and a subjective component.  The objective component requires evidence that an inmate's incarceration poses a substantial risk of serious harm to the inmate. Crow v. Montgomery, 403 F.3d 598, 601-02 (8th Cir. 2005); see also Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003) (noting conditions of confinement claims have an objective and subjective requirement).  To amount to an unconstitutional condition of confinement under the objective requirement, the condition must be extreme because many restrictive and even harsh conditions are simply "part of the penalty that criminal offenders pay for their charges against society." Rhodes, 452 U.S. at 347.  The subjective component requires proof that jail officials have a sufficiently culpable state of mind in actually knowing, but either disregarding or being deliberately indifferent to, the inmate's health or safety. Crow, 403 F.3d at 602; Pagels, 335 F.3d at 740.  Nevertheless, "[t]he Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations

and quotation marks omitted); see also King v. Dingle, 702 F. Supp. 2d 1049, 1072 (D. Minn. 2010) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.") (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The allegations contained in this Complaint fail to state a claim upon which relief may be granted because the allegations are conclusory and not accompanied by any factual support. Count I of Montrose's Complaint alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to provide him with an air-cooling unit in his barracks. Doc. 1 at 4. A lack of a personal air-cooling system and hot temperatures alone are not a sufficiently severe deprivation that satisfies the objective component of an Eight Amendment violation. See Raugust v. Ferriter, No. CV07-55H-DWM-RKS, 2008 WL 5436016, at *5 (D. Mont. June 11, 2008) (holding that an allegation that excessive heat has caused sickness insufficient to meet the objective requirement for an unconstitutional condition of confinement); Chandler v. Crosby, 379 F.3d 1278, 1297 (11th Cir. 2004) (holding a prisoner's allegation failed to satisfy the objective requirement even when "[o]n average, inmates on the . . . Unit may have experienced temperatures over ninety degrees nine percent of the time during the months of July and August 1998 and July of 1999"). Moreover, Montrose has not alleged with sufficient clarity any facts that support his claim of severe and excessive heat. His allegations are bare conclusions. Thus, the claims alleged in Count I of Montrose's Complaint fail to state a claim for which relief can be granted.

In Count II, Montrose alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to correct the poor air quality in the prison. Doc. 1 at 5. Montrose states that the air is "very moldy and dirty." Doc. 1 at 5. As for

any alleged injury, Montrose states that the dirty air has made him ill "to the point of vomiting" and that "[he] know[s] [he] will develop long term lung problems" and that there is an "[e]xcessive [r]isk to health problem even death and sickness" because of the alleged conditions. Doc. 1 at 5. Such conclusory statements and bare labels of alleged problems—poor air quality and a risk to his health—without more do not contain facts specific enough to support such general conclusions. Therefore, the entire Complaint is subject to dismissal without prejudice for failure to state a claim upon which relief can be granted.

### 3. Money damage claims

Montrose is suing the Defendants in their official capacities for both injunctive relief and for money damages. Doc. 1 at 3. "State officials sued for monetary relief in their official capacities, however, are not 'persons' subject to § 1983 liability because suits against these people in their official capacities are in reality suits against the state itself." Davis v. S.D. Dep't of Corr., No. CIV. 05-4016, 2005 WL 1593050, at *2 (D.S.D. June 30, 2005) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989)). Suits under § 1983 may be brought only against "'persons' who, under color of state law," deprive another of a right, privilege, or immunity secured by the Constitution or another law of the United States. Id. Thus, claims against defendants for money damages for acts committed in their official capacity are not cognizable under 42 U.S.C. § 1983. Montrose's claims against Defendants for money damages in their official capacities, therefore, are dismissed with prejudice.

## III. Conclusion

For good cause, it is hereby

ORDERED that the portion of the pleading containing Montrose's Motion to Proceed

In Forma Pauperis, Doc. 5, is granted. It is further

ORDERED that the institution having custody of Montrose is hereby directed that whenever the amount in Montrose's trust account exceeds $10.00, monthly payments that equal 20 percent of the funds credited to the account the preceding month be forwarded to the United States District Court Clerk, 400 South Phillips Avenue, Sioux Falls, South Dakota, 57104, pursuant to 28 U.S.C. § 1915(b)(2), until Montrose has paid the $350.00 filing fee in full. It is further

ORDERED that Montrose's Complaint be dismissed without prejudice for failure to exhaust administrative remedies and for failure to state a claim under 28 U.S.C. § 1915A.

Dated November 14, 2012.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE